**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARY MEIYA LIAO, | |
| Plaintiff, | Civil Action No. 13-cv-1094 (RLW) |
| v. | |
| JACOB J. LEW, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| JOSEPH CACCIAPALLE, *et al.*, | |
| Plaintiffs, | Civil Action No. 13-cv-1149 (RLW) |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| AMERICAN EUROPEAN INSURANCE COMPANY, | |
| Plaintiff, | Civil Action No. 13-cv-1169 (RLW) |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| JOHN CANE, | |
| Plaintiff, | Civil Action No. 13-cv-1184 (RLW) |
| v. | |
| FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| Defendants. | |

FRANCIS J. DENNIS,

          Plaintiff,

    v.

FEDERAL HOUSING FINANCE AGENCY, *et al.*,

          Defendants.

Civil Action No. 13-cv-1208 (RLW)

---

MARNEU HOLDINGS COMPANY, *et al.*,

          Plaintiffs,

    v.

FEDERAL HOUSING FINANCE AGENCY, *et al.*,

          Defendants.

Civil Action No. 13-cv-1421 (RLW)

---

BARRY P. BORODKIN, *et al.*

          Plaintiffs,

    v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,

          Defendants.

Civil Action No. 13-cv-1443 (RLW)

**ORDER FOR CONSOLIDATION AND
APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

The Court has reviewed the Stipulation and Proposed Order for Consolidation and Appointment of Interim Co-Lead Class Counsel submitted on November 6, 2013 and found that several of the proposed terms were inappropriate and that some of the necessary terms were omitted.

THEREFORE, the Court hereby adopts the following Order:

## I.   CONSOLIDATION

1.      Pursuant to Federal Rule of Civil Procedure 42, the above-captioned actions are hereby consolidated for all purposes into one action.

2.      These actions, each of which is styled as a class action and/or a derivative action shall be referred to herein as the "Consolidated Class Action."   This Order shall apply to the Consolidated Class Action and to each putative class action and/or derivative action that is subsequently filed in or transferred to this Court that relates to the same subject matter as in the Consolidated Class Action.

3.      This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of this Consolidated Class Action.

4.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

## II.   MASTER DOCKET AND MASTER FILE

5.      The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "**In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations**" and under the case number **1:13-mc-1288 (RLW)**.  All pleadings, motions or other papers relating to these actions **shall be filed in the Master Docket**

3

**only**, unless otherwise directed by the Court.  Every such pleading, motion, or paper shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litigations** | **Misc. Action No. 13-mc-1288 (RLW)** |
| _____ | <u>CLASS ACTION</u> |
| **THIS DOCUMENT RELATES TO:** | **[TITLE OF DOCUMENT]** |

When the document being filed pertains to all cases, the phrase "**ALL CASES**" shall appear immediately below the phrase "This Document Relates To."  When the document pertains to fewer than all cases, the document shall list each case to which the document relates on a separate line below the phrase "This Document Relates To"; the cases shall be designated by the last name of the first named plaintiff, followed by the individual civil action docket number assigned by the Clerk of this Court, *e.g.,* "Dennis, 1:13-cv-1208 (RLW)."

**III.**   <u>**NEWLY-FILED OR TRANSFERRED ACTIONS**</u>

6.     When a putative class action and/or derivative action that arises out of the subject matter of the Consolidated Class Action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a.   file a copy of this Order in the separate file for such action;

    b.   mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c.   make the appropriate entry in the docket for this action.

7.     Each new putative class action and/or derivative action filed by or on behalf of stockholders of Federal National Mortgage Association ("Fannie Mae") or Federal Home Loan Mortgage Corporation ("Freddie Mac") asserting claims relating to or arising from the same subject matter of the Consolidated Class Action which is filed in, or transferred to, this Court shall be consolidated with the Consolidated Class Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8.     Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, move, or otherwise respond to any complaints filed in any of the actions consolidated hereunder or any action subsequently filed and consolidated; rather, defendants will be required to answer, move or otherwise respond to the consolidated complaint only.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to such complaint.  Nothing in the foregoing shall be construed as a waiver of defendants' right to object to consolidation of any subsequently filed or transferred related action.

**IV.** **APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

9.      Having reviewed the parties' Joint Status Report and all pending motions and accompanying memoranda of law, the Court hereby appoints Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), Grant & Eisenhofer ("Grant & Eisenhofer"), Boies, Schiller & Flexner LLP ("Boies"), and Kessler Topaz Meltzer & Check, LLP ("Kessler") as interim co-lead class counsel for the Consolidated Class Action ("Interim Co-Lead Class Counsel"). Bernstein Litowitz, Grant & Eisenhofer, Boies, and Kessler satisfy the requirements for interim class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Interim Co-Lead Class Counsel have superior experience, knowledge and resources to prosecute the Consolidated Class Action.

10.     Interim Co-Lead Class Counsel shall set policy for plaintiffs for the prosecution of the Consolidated Class Action, delegate and monitor the work performed by plaintiffs' attorneys to ensure that there is no duplication of effort, coordinate on behalf of plaintiffs the initiation and conduct of discovery proceedings, provide direction, supervision and coordination of all the activities of plaintiffs' counsel, and have the authority to speak for their respective plaintiffs in all matters including class certification and settlement negotiations, negotiate a settlement (subject to approval of the Court), and allocate fees among plaintiffs' counsel, if awarded. Any agreement reached between counsel for defendants and Interim Co-Lead Class Counsel shall be binding on the plaintiffs in the Consolidated Class Action and their counsel.

11.     Interim Co-Lead Class Counsel shall be responsible for monitoring the activities of co-counsel to ensure that unnecessary expenditure of time and expenses are avoided. All plaintiffs' counsel shall keep contemporaneous time and expense records and shall submit the records monthly to the Interim Co-Lead Class Counsel, no later than the fifteenth of every month following the reporting month. The failure to maintain such records will be grounds for denying

court-awarded attorneys' fees, as will insufficient description of the activity.  No attorney fee award shall be made for time and expenses unless reports are timely filed with the Interim Co-Lead Class Counsel.  Similarly, no attorney fee award will be made for time or expenses that were not authorized by the Interim Co-Lead Class Counsel or for time and expenses incurred in the review of briefs or other written material unless such review is necessary for the performance of substantive work in the litigation.  With respect to Common Benefit Fees and Expenses, the Court will follow the preliminary guidelines imposed by Judge Aldrich in MDL No. 2066, *In re: Oral Sodium Phosphate Solution-Based Prods. Liab. Litig.*, which is attached hereto as Appendix A and incorporated herein by reference.  *See* Memorandum and Order, N.D. Ohio, No. 1:09-SP-80000 (Sept. 30, 2009) (Dkt. 34).

12.     Interim Co-Lead Class Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs in the Consolidated Class Action and for the dissemination of notices and orders of this Court.  No motion, request for discovery or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs in the Consolidated Class Action except through Interim Co-Lead Class Counsel.  No settlement negotiations shall be conducted without the approval of Interim Co-Lead Class Counsel.

13.     Interim Co-Lead Class Counsel also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.  Interim Co-Lead Class Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.  Defendants' counsel may rely upon agreements made with Interim Co-Lead Class Counsel.  Such agreements shall be binding on all plaintiffs.

14.     Interim Co-Lead Class Counsel shall coordinate with counsel in *Perry Capital LLC v. Lew, et al.*, No. 13-cv-01025-RLW, *Fairholme Funds, Inc., et al. v. Federal Housing*

*Finance Agency, et al.*, No. 13-cv-01053-RLW, and *Arrowood, et al. v. Federal National Mortgage Association, et al.*, No. 13-cv-01439-RLW for discovery, motion practice, case management and scheduling, and other pretrial proceedings, as appropriate.

15.     Counsel in any related action that is consolidated with this Consolidated Class Action shall be bound by this organization of plaintiffs' counsel.

16.     Any counsel of record for a party in this action or a related action who is not a member of the Bar of this District but has been admitted to practice *pro hac vice* in this action or such related action is hereby admitted to practice *pro hac vice* in the Consolidated Class Action.

17.     Cooperation by and among counsel is essential for the orderly and efficient resolution of this litigation.  The communication of information among plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and shall not be used against any plaintiff by any defendant, except as otherwise expressly provided by law.  Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work product doctrine.

## V.     PLEADINGS AND MOTIONS

18.     Plaintiffs in the above-captioned actions shall file a Consolidated Class Action Complaint on or before December 3, 2013, which shall serve as the operative complaint in the Consolidated Class Action unless later amended or superseded.  The filing of the Consolidated Class Action Complaint does not waive any rights prospective class members may have, and members of the putative class reserve all rights.

19.     Defendants need only formally serve one law firm for Interim Co-Lead Class Counsel in the Consolidated Class Action by overnight mail service, electronic or hand delivery, unless otherwise agreed upon by the parties.  Plaintiffs shall effect service of papers on

defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery, unless otherwise agreed upon by the parties.

**SO ORDERED.**

Dated:  November 18, 2013                    _____

HONORABLE ROBERT L. WILKINS
United States District Judge